UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD D. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:17-cv-1650-AGF |
| | ) |
| ST. LOUIS CITY CRIMINAL JUSTICE | ) |
| CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Reginald D. Wilson, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice.

Section 1915(g) of Title 28 U.S.C. limits the ability of a prisoner to obtain *in forma pauperis* status in certain circumstances, and specifically:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has become commonly known as the "three strikes" rule and has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Review of Court files reveals that Wilson has brought three or more actions that were dismissed on grounds that qualify as strikes under the statute. *See Wilson v. City of St. Louis*, No. 4:07-cv-854 (E.D. Mo. Jun. 29, 2007); *Wilson v. Wilson*, No. 4:09-cv-160-MLM (E.D. Mo.

Feb. 18, 2009); *Wilson v. Hallazzgo*, No. 4:09-cv-1346-TCM (E.D. Mo. Sept. 4, 2009); *Wilson v. State of Mo.*, No. 4:11-cv-1014-AGF (E.D. Mo. Jul. 19, 2011). Therefore, Wilson may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, Wilson alleges that, during the first four days of Ramadan, insufficient and non-Kosher food was provided, forcing observers to break their fasts and buy other food. Wilson also alleges that the Holy Koran and other religious materials such as prayer rugs were not supplied. He seeks monetary damages in the amount of $500,000 "for deprivation and deformation of the Muslim religion." (Docket No. 1 at 6).

There are no allegations in the complaint that would support the finding that plaintiff is under imminent danger of serious physical injury. The Court will therefore deny the instant motion, and dismiss this action without prejudice to the filing of a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully paid complaint.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will be filed separately.

Dated this 14th day of June, 2017.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE